IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL HERRING, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 2:24-cv-06847-JLS |
| PHH MORTGAGE COMPANY, : | |
|     Defendant. : | |

MEMORANDUM

**SCHMEHL, J.** */s/ JLS*                                                                                 **MARCH 7, 2025**

      Plaintiff Carol Herring, an unrepresented litigant, commenced this action by filing a complaint asserting violations of the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq*., ("ADA") arising from her mortgage lender's alleged efforts to foreclose on her home. Currently before the Court is Herring's Complaint, ("Compl." (ECF No. 2), in which she asserts claims against PHH Mortgage Company ("PHH"). For the following reasons, Herring's claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.     PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[1]

      At the time she filed her Complaint, Herring also filed a Motion for Leave to Proceed *In Forma Pauperis* and an Emergency Motion for a Temporary Restraining Order seeking to enjoin state court foreclosure proceedings. (ECF Nos. 1, 5.) Herring was granted leave to proceed *in forma pauperis* and statutory screening of her Complaint was deferred. (ECF No. 7.) Her Motion

---

[1] The factual allegations set forth in this Memorandum are taken from Herring's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Herring's pleadings will be corrected for clarity.

for Emergency Relief was denied.[2]  (ECF No. 6.)  She subsequently filed a second Motion for Emergency Relief, which was also denied.  (ECF Nos. 8, 9.)  Herring's Complaint is ripe for screening.

Herring alleges that more than five years ago, she obtained a "reverse mortgage" from Defendant PHH.  (Compl. at 4.)  In 2024, she allegedly experienced several medical setbacks, including cancer and related surgery, that caused her to fall behind on her mortgage payments.[3] (*Id*.)  She alleges that she intends to catch up on the payments that are currently in arrears, but PHH has contacted her through counsel to advise her that it intends to foreclose on the mortgage. (*Id*.)  Herring asserts that PHH is primarily interested in foreclosing on her property and reselling it due to the property's recent increase in value.  (*Id*.)  She asserts that, instead of foreclosing, PHH should agree to a "reasonable accommodation" under the ADA in light of her disability.  (*Id*.)  She proposes that a reasonable payment schedule be arranged so that she does not become homeless. (*Id*.)

Herring alleges that she is currently under a doctor's care and that the stress related to the potential foreclosure has exacerbated her symptoms.  (*Id*. at 5.)  She alleges she is disabled within the meaning of the ADA because she has been diagnosed with cancer and sciatica, which have severely limited her ability to walk.  (*Id*.)  She asserts that she has experienced physical and

---

[2] In its Order denying emergency relief, the court explained that, pursuant to the Anti-Injunction Act ("Act"), "'[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'"  (ECF No. 6) (quoting 28 U.S.C. § 2283). The court further explained that the Act precludes a federal court from enjoining state court eviction or foreclosure proceedings.  (*Id*.) (citations omitted).

[3] Because reverse mortgages generally do not require monthly payments, the allegation that Herring fell behind on her monthly payments appears inconsistent.  The Court, however, accepts her allegations as true.

emotional distress as a result of the fear of losing her home. (*Id.*) As relief, she requests a stay of any and all foreclosure proceedings, and that this court order PHH to reasonably accommodate her through a loan modification that allows her to pay the current arrears and unpaid 2024 taxes. (*Id.*) She also requests an order requiring PHH to provide a copy of her original application for the existing reverse mortgage. (*Id.*)

## II.     STANDARD OF REVIEW

The Court has already granted Herring leave to proceed *in forma pauperis*, (*see* January 2, 2025 Order, ECF No. 7), and accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Herring is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Herring asserts a claim against PHH based on alleged violations of the ADA. To allege a plausible violation of Title II of the ADA, a plaintiff must assert that (1) she is a "qualified individual with a disability;" (2) she is being excluded from participation in or being denied the benefits of some "services, programs, or activities," by reason of her disability; and (3) the entity which provides the service, program or activity is a public entity. *See, e.g., Layton v. Elder*, 143 F.3d 469, 472 (8th Cir.1998); *Bowers v. National Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 475 (D.N.J. 1998); *Adelman v. Dunmire*, No. 95-4039, 1997 WL 164240 (E.D. Pa. Mar. 28, 1997). The proper defendant under a Title II ADA claim is the public entity or an individual who controls or directs the functioning of the public entity. *See Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002). Herring does not allege that PHH is a "public entity" within the meaning of the ADA, and, therefore, a Title II ADA claim is not plausible.

Title III of the ADA prohibits places of public accommodation from discriminating against individuals with disabilities in connection with goods, services, facilities, privileges, advantages or accommodations, and affords litigants injunctive relief for violations of the statute. 42 U.S.C. § 12182(a). However, Herring does not allege that PHH is a "place of public accommodation" within the meaning of the ADA, and again, her claim is thus not plausible. Because PHH is not a defendant amenable to suit under the ADA, Herring's Complaint does not allege a plausible claim and will be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Herring's Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Herring will not be granted

4

leave to file an amended complaint because any attempt to amend would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.